UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>STARR INDEMNITY & LIABILITY COMPANY,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff, The Phoenix Insurance Company ("Travelers"), by and through its undersigned counsel, Usery & Associates, as and for its Complaint against Defendant, Starr Indemnity & Liability Company ("Starr"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. Travelers is providing a defense to Aurora Contractors, Inc. ("Aurora") and GGP Staten Island Mall, LLC ("GGP") in a lawsuit entitled *Nahla Zahrey v. GGP Staten Island Mall, LLC, et al.*, in the Supreme Court of the State of New York, New York County, index number 157441/2020 (the "Underlying Action").

2. In the instant action, Travelers seeks a declaration that Starr is obligated to defend and indemnify Aurora and GGP in the Underlying Action, as additional insureds under a policy of insurance issued by Starr, on a primary, non-contributory basis, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of Aurora and GGP in said action.

## THE PARTIES

3. At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, Starr is a Texas corporation with a principal place of business in New York, New York.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6. In the Underlying Action, Nahla Zahrey ("Claimant") seeks recovery for alleged personal injuries including but not limited to right ankle spontaneous rupture of flexor tendons, peroneal tendon tear, osteochondral defect, synovitis, scarring around the ATFL, osteochondral lesion in the posterior lateral talar dome, posterior tibial tendinopathy and tenosynovitis, partial tear of the posterior tibial tendon, partial tear of the peroneal brevis tendon, partial tear of the peroneal longus tendons, anterior tibialis tendinopathy, and Achilles tendinopathy and plantar fascial thickening. Therefore, the purported value of the Underlying Action exceeds $75,000.00.

7. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

8. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Starr.

9. Travelers has no adequate remedy at law.

## THE RELEVANT POLICIES

10. Starr issued a commercial general liability insurance policy to Restani Construction Corp. ("Restani") for the policy period March 1, 2017 to March 1, 2018 (the "Starr Policy").

11. Subject to certain terms, conditions, and exclusions, the Starr Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

12. The Starr Policy contains an ADDITIONAL INSUREDS – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION (CG 20 10 04 13) endorsement that, in part, provides:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s): | Location(s) Of Covered Operations |
|---|---|
| Where Required By Written Contract | Where Required By Written Contract |
| Information required to complete this Schedule, if not shown above, will be shown the Declarations. ||

**A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

13. The Starr Policy contains a Primary and Non-Contributory Condition endorsement that, in part, provides:

This insurance is primary insurance as respects our coverage to the additional insured, where the written contract or written agreement requires that this insurance be primary and non-contributory. In that event, we will

not seek contribution from any other insurance policy available to the additional insured on which the additional insured is a Named Insured.

14. The Starr Policy contains an Amendment of Other Insurance endorsement that, in part, provides:

This insurance is excess over any of the other insurance whether primary, excess, contingent or on any other basis:

**(1)** Unless such insurance is specifically purchased to apply as excess of this policy; or

**(2)** you are obligated by contract to provide primary insurance.

15. Travelers issued a commercial general liability policy to Aurora for the policy period September 19, 2017 to September 19, 2018 (the "Travelers Policy").

16. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

17. The Travelers Policy contains excess "other insurance" provisions that provide that coverage under the Travelers Policy is excess over any other coverage available where added as an additional insured.

## BACKGROUND FACTS

18. GGP, as Owner, and Aurora, as Contractor, entered into an agreement in August 2015 (the "Prime Contract") for certain construction work relating to a project at the Staten Island Mall.

19. Aurora, as Contractor, and Restani, as Subcontractor, entered into an agreement dated August 22, 2015 (the "Subcontract") for Restani to provide certain milling at paving work at the Staten Island Mall.

20. The terms of the Subcontract require Restani to maintain commercial general liability insurance naming Aurora and GGP as additional insureds on a primary and non-contributory basis.

21. The terms of the Subcontract require Restani to indemnify, defend and hold harmless Aurora and GGP against claims, suits, damages, liabilities, attorneys' fees, costs, expenses and disbursements arising out of or in connection with or as a result or consequence of the performance of the Work of the Subcontractor.

22. In the Underlying Action, Claimant alleges that on October 1, 2017, she was caused to fall due to a hazardous condition in the parking lot next to Macy's at the Staten Island Mall.

23. Travelers is defending Aurora and GGP in connection with the Underlying Action.

24. In the Underlying Action, Claimant asserts causes of action against Restani, GGP, Aurora, and others seeking to recover for injuries based on theories of negligence.

25. In the Underlying Action, Claimant seeks to impose liability on Aurora and GGP for alleged bodily injury which was caused, in whole or in part, by the acts or omissions of Restani.

## TENDER TO STARR

26. By correspondence dated July 5, 2018, Travelers tendered the defense and indemnity of Aurora and GGP to Starr.

27. Starr has not responded to Travelers' tender.

28. Starr has refused to provide additional insured coverage to Aurora or GGP under the Starr Policy.

29. Starr has refused to provide a defense to Aurora or GGP under the Starr Policy.

**CAUSE OF ACTION FOR DECLARATORY RELIEF**

30.     Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "29" above as if fully set forth herein.

31.     Aurora and GGP qualify as additional insureds under the Starr Policy.

32.     The coverages provided to Aurora and GGP under the Starr Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

33.     Accordingly, Travelers seeks a declaration that Starr has an obligation to defend and indemnify Aurora and GGP as additional insureds under the Starr Policy; that the coverages provided by the Starr Policy to Aurora and GGP are primary; and that the obligations of Travelers to Aurora and GGP in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Starr Policy.

34.     In addition, Travelers seeks an award at law and in equity against Starr for recovery of all sums Travelers has paid and continues to pay in the defense of Aurora and GGP in the Underlying Action because the coverages provided by the Starr Policy are primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1.     Declaring that Aurora and GGP are insureds under the Starr Policy to whom Starr owes coverage with respect to the Underlying Action;

2.     Declaring that Starr has a duty to defend Aurora and GGP in the Underlying Action up to and including the respective policy limits of the Starr Policy;

3.     Declaring that all coverage owed by Starr to Aurora and GGP with respect to the Underlying Action is primary to any coverage provided by Travelers to Aurora and GGP;

4. Declaring that the obligations of Starr to Aurora and GGP with respect to the Underlying Action are primary to any obligations of Travelers to Aurora and GGP;

5. Declaring that the obligations of Travelers to Aurora and GGP in the Underlying Action are excess to proper exhaustion and full payment of the respective limits of the Starr Policy by means of a verdict, judgment, or settlement;

6. Awarding judgment against Starr in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against Aurora and GGP in the Underlying Action;

7. Awarding judgment against Starr in an amount equal to any sums that Travelers may incur to resolve the claims and indemnify Aurora and/or GGP in the Underlying Action;

8. Granting an award in favor of Travelers for the costs of suit incurred herein; and

9. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 5, 2022

USERY & ASSOCIATES

By: /s/Lisa Szczepanski
Lisa Szczepanski
*Attorneys for The Phoenix Insurance Company*
T. (917) 778-6680
F. (844) 571-3789
E. lszczepa@travelers.com

Mailing Address:[1]
P.O. Box 2996
Hartford, CT 06104

---

[1] Physical Address: 485 Lexington Ave., 6th Fl., New York, NY 10017